## DISCIPLINARY DOCKET

**89–355.  Columbus Bar Assn. v. Connors.**
On April 11, 1990, this court suspended respondent, John J. Connors, Jr., for one year pursuant to former Gov.Bar R. V(7)(C) (now Section 6[B][3] ) and stayed the suspension on condition respondent satisfactorily serve a two-year monitored probation.  On April 17, 1992, respondent filed an application to terminate probation.  On July 9, 1992, this court ordered that respondent's probation would be terminated upon completion of the following conditions:  (1) respondent pay in full his continuing legal education sanction of $150; and (2) the Columbus Bar Association file with the Clerk of this court and the court receive a report of respondent's monitor stating that respondent had fully complied with the

terms of probation. The court further ordered that respondent's probation would not be terminated until all conditions set forth in its July 9, 1992 order were met and this court ordered respondent's probation terminated.

On October 21, 1994, a panel of the Board of Commissioners on Grievances and Discipline filed a Certified Report with this court in accordance with Gov.Bar R. V(9)(H), recommending that respondent's probation be revoked and the original one-year suspension be imposed. On November 17, 1994, this court pursuant to Gov.Bar R. V(9)(I) revoked respondent's probation and imposed the original one-year suspension, pending issuance of a final order. On March 10, 1995, this court pursuant to Gov.Bar R. V(9)(K) confirmed its November 17, 1994 order and ordered that respondent's probation continue to be revoked and the one-year suspension continue in effect. This court also ordered that publication of the order be made as provided in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

On November 29, 1995, respondent filed an application for reinstatement and was reinstated by this court on January 29, 1996. On January 16, 1996, this court issued notice to respondent that publication costs in the amount of $214 were due on or before April 11, 1996, and that failure to pay publication costs may subject respondent to further action being taken against him by the court. On December 19, 1996, this court issued an order to show cause why respondent should not be held in contempt and suspended from the practice of law for failure to pay publication costs. Respondent did not file a response to the show cause order. Upon consideration thereof,

IT IS ORDERED by this court, *sua sponte*, that respondent, John J. Connors, Jr., Attorney Registration No. 0031717, last known address in Columbus, Ohio, is hereby found in contempt of this court. It is further ordered and adjudged that respondent be suspended from the practice of law pending and until such time as respondent purges himself of contempt, pays publication costs including any accrued interest, files an application for reinstatement, and is reinstated by this court.

IT IS FURTHER ORDERED that the respondent, John J. Connors, Jr., immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent files written application with this court requesting that he be purged of contempt and seeking reinstatement to the practice of law and complies with the requirements for reinstatement as set forth in Gov.Bar R. V; (2) respondent complies with this order and all other orders issued by this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; and (4) this court purges respondent of contempt and orders respondent reinstated to the practice of law.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent surrender his attorney registration card for the 1995/1997 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Columbus Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.