[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 304.]

CLEVELAND BAR ASSOCIATION *v.* ALLANSON.

[Cite as *Cleveland Bar Assn. v. Allanson*, 1998-Ohio-90.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to pursue clients'*
*interests—Misrepresentation to client about status of a claim—Failing to*
*cooperate in current and previous disciplinary investigations.*

(No. 98-753—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 96-78.

———————————

{¶ 1} On October 15, 1996, relator, Cleveland Bar Association, filed a
three-count complaint charging respondent Charles S. Allanson III of Cleveland,
Ohio, Attorney Registration No. 0025428, with violating three Disciplinary Rules
and one Rule for the Government of the Bar. Respondent, who was served with
the complaint as provided in Gov.Bar R. V(6)(E), failed to answer or otherwise
plead, and the relator filed a motion for default. The matter was heard by a panel
of the Board of Commissioners on Grievances and Discipline of the Supreme Court
("board").

{¶ 2} On the basis of the allegations of the complaint and the exhibits and
affidavits attached to relator's motion, the panel found that in October 1989,
respondent conducted a meeting with some former employees of American
Photocopy Equipment and Supply Company. He was retained by several of the
employees, including Thomas U'Ren, John Armstrong, and Brian Dunaway, who
each paid him a $40 fee, to pursue their claims against the company for unpaid
compensation. Respondent filed proofs of claim in the company's bankruptcy case
for several of the employees, but not for U'Ren, Armstrong, and Dunaway.

Nevertheless, when contacted by U'Ren, respondent assured him that he was pursuing his claim.

{¶ 3} The employees for whom respondent filed a claim received a portion of their unpaid wages from the bankruptcy, but U'Ren, Armstrong, and Dunaway received nothing. Respondent initially denied that he had been retained by U'Ren and Armstrong and then failed to cooperate in relator's investigation.

{¶ 4} The panel found that with respect to his representation of U'Ren, respondent violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and with respect to U'Ren, Armstrong, and Dunaway, respondent violated DR 2-110(A)(3) (a lawyer who withdraws from employment shall refund any portion of a fee that has not been earned) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). The panel also found that respondent's failure to cooperate with relator violated Gov.Bar R. V(4)(G) (no attorney shall refuse to assist in an investigation or hearing). Finally, the panel noted that in *Cleveland Bar Assn. v. Allanson* (1995), 72 Ohio St.3d 228, 648 N.E.2d 1340, respondent had been publicly reprimanded for his failure to cooperate in an investigation, and in *In re Report of Comm. on Continuing Legal Edn.* (1995), 74 Ohio St.3d 1426, 655 N.E.2d 1311, he was suspended from the practice of law for failure to comply with continuing legal education requirements. We also note that in July 1997, we found respondent in contempt of this court and suspended him. *Cleveland Bar Assn. v. Allanson* (1997), 79 Ohio St.3d 1436, 680 N.E.2d 1011. The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Martin J. Murphy* and *Cathleen M. Bolek*, for relator.

_____

***Per Curiam.***

{¶ 5} We adopt the findings and conclusions of the board. Respondent's failure to pursue his clients' interests, his misrepresentation to U'Ren about the status of a claim, and his failure both in this instance and on previous occasions to cooperate in relator's investigation warrant the suspension. We therefore adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____