**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 370.]**

COLUMBUS BAR ASSOCIATION *v*. CONNORS.

[Cite as *Columbus Bar Assn. v. Connors*, 2000-Ohio-165.]

*Attorneys at law— Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter.*

(No. 99-2232—Submitted March 8, 2000—Decided July 19, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-19.

————————————

{¶ 1} On April 6, 1998, and as amended on October 14, 1998, relator, Columbus Bar Association, filed a complaint charging respondent, John J. Connors, Jr., of Columbus, Ohio, Attorney Registration No. 0031717, with several violations of the Disciplinary Rules. Respondent answered, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard this matter on August 30, 1999.

{¶ 2} As to Counts One and Six, we had suspended respondent from the practice of law on July 1, 1997, because he had not satisfied all the conditions of a previous suspension. *Columbus Bar Assn. v. Connors* (1997), 79 Ohio St.3d 1432, 680 N.E.2d 1008. Respondent learned of this suspension on July 2, 1997, during his regular perusal of our announcements in our Public Information Office, and received official notice of this suspension on July 10, 1997, by certified mail.

{¶ 3} Our order found respondent to be in contempt of this court. We suspended respondent "until such time as respondent purges himself of contempt, pays publication costs including any accrued interest, files an application for

reinstatement and is reinstated by this court." We further ordered respondent to "immediately cease and desist from the practice of law in any form" and forbade him from "appear[ing] on behalf of another before any court, judge, commission, board, administrative agency, or other public authority." We also ordered respondent, within thirty days from the date of the order, to "[n]otify all clients being represented in pending matters * * * of his suspension and his consequent disqualification to act as an attorney * * * [and] notify the clients to seek legal service elsewhere," notify opposing counsel, and "file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files[.]" We, further, ordered respondent to "[r]efund any part of any fees or expenses paid in advance that are unearned or not paid * * *." We reinstated respondent on September 25, 1997. *Columbus Bar Assn. v. Connors* (1997), 80 Ohio St.3d 1404, 684 N.E.2d 699.

{¶ 4} In Count One, respondent had undertaken, before July 1, 1997, to represent John R. Ennis in a criminal matter pending before Judge Deborah P. O'Neill in the Franklin County Court of Common Pleas. The court scheduled a pretrial hearing in that case for July 24, 1997. Respondent did not notify Ennis of respondent's suspension before the hearing and did not advise Ennis to secure another attorney to represent himself.

{¶ 5} Instead, respondent talked with Judge O'Neill's bailiff, Karen Moore, on July 23, one day before the scheduled pretrial hearing. Respondent advised her that, while he was under suspension, he anticipated that this court would soon transmit facsimile documents to Judge O'Neill, notifying her about the lifting of the suspension. Respondent admitted at the panel's hearing that no one from the Supreme Court had given him any reason to expect this to occur.

{¶ 6} In any event, Judge O'Neill, who saw respondent that day, directed Moore to learn about respondent's status. Moore learned from this court that we

had not granted respondent's motion for reinstatement and we had not lifted his suspension.

{¶ 7} At the pretrial hearing the next day, Judge O'Neill confronted respondent, who still maintained that we had reinstated him. Judge O'Neill stepped off the bench and telephoned a representative of this court, who informed Judge O'Neill that we had not reinstated respondent and that we were not about to transmit a facsimile document to that effect.

{¶ 8} Judge O'Neill opened the record to inform Ennis that respondent was under suspension and that Ennis must hire another attorney. In this exchange, Judge O'Neill learned that respondent had not informed Ennis of the suspension.

{¶ 9} The panel found that respondent had misrepresented his status as an attorney to Judge O'Neill and Bailiff Moore. The panel, consequently, concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law).

{¶ 10} In Count Six, respondent, in March 1997, began representing Victor Turner, who had been sentenced to life imprisonment, to secure Turner's release from prison. Respondent received a payment of $500 on March 5, 1997, $5,000 on July 9, 1997, and $1,000 on July 28, 1997, for this representation. Respondent knew of his suspension when he received the latter two payments. Respondent negotiated the checks, which were for services not yet rendered, and deposited them in his personal checking account. He did not refund the payments to Turner.

{¶ 11} On three occasions during his suspension, respondent gained admission to the prison to confer with Turner by completing forms indicating that respondent was Turner's attorney. Respondent did advise Turner verbally of respondent's suspension but did not notify him in writing, certified return receipt requested, as required in our July 1 order.

**{¶ 12}** The panel found that respondent misrepresented his status as an attorney to the prison authorities to gain access to Turner and that he continued to practice law during his suspension by accepting payments totaling $6,000. The panel concluded that respondent had violated DR 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6).

**{¶ 13}** As to Count Three, Robin Moses hired respondent to represent her in a wage-garnishment action. This action arose from a judgment obtained by her former landlord for rent and for damages to her apartment occurring after she abandoned the apartment but before the lease term expired. Moses's mother had paid respondent $350 for this representation.

**{¶ 14}** Respondent, in interviewing Moses, had not learned from her that she had quit the apartment before the lease term had expired. He first learned about this at the disciplinary hearing. Respondent filed a motion for relief from judgment and answer. He, however, did not support the motion with legal authority and did not present evidence in a form authorized under Civ.R. 56(E) sufficient to establish a meritorious defense. The panel concluded that, under these circumstances, respondent had violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him).

**{¶ 15}** Relator dismissed Counts Four and Five; the panel dismissed Count Two.

**{¶ 16}** The panel, agreeing with relator, recommended that we indefinitely suspend respondent from the practice of law. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

———————————

*Bruce A. Campbell, Kristy J. Swope* and *Stanley D. Ross*, for relator.

*John J. Connors, Jr., pro se*.

———————————

***Per Curiam.***

4

{¶ 17} We adopt the findings, conclusions, and recommendation of the board. We hereby indefinitely suspend respondent from the practice of law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.

———————————