[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 479.]

OFFICE OF DISCIPLINARY COUNSEL *v.* CONNORS.

[Cite as *Disciplinary Counsel v. Connors*, 2002-Ohio-6722.]

*Attorneys at law—Misconduct—Permanent disbarment—Neglecting multiple client matters—Misappropriating client funds by accepting retainers and failing to refund unearned portions—Failing to return client files upon request—Lying about ability to continue representation of a client following suspension from the practice of law—Refusing to make restitution to a bank after overdrawing trust account—Commingling client and personal funds—Failing to register as required by Gov.Bar R. VI— Previous discipline.*

(No. 2002-1102—Submitted November 13, 2002—Decided December 18, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-15.

————————————

**Per Curiam.**

{¶1} In this case, we disbar a previously disciplined attorney who neglected multiple client matters, misappropriated client funds by accepting retainers and failing to refund unearned portions, failed to return client files upon request, lied about his ability to continue representation of a client following his suspension from the practice of law, refused to make restitution to a bank after overdrawing his lawyer's trust account, and commingled client and personal funds.

{¶2} The Board of Commissioners on Grievances and Discipline concluded that respondent, John Joseph Connors Jr. of Columbus, Ohio, Attorney Registration No. 0031717, had committed this conduct and thereby violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (engaging in conduct adversely reflecting on fitness to practice law); 2-

110(A)(2) (withdrawing as counsel without reasonable efforts to avoid hurting client), and (3) (withdrawing as counsel without promptly refunding any unearned advance fee); 6-101(A)(3) (neglecting an entrusted legal matter); 7-101(A)(2) (failing to carry out a contract for professional services), and 7-102(A)(3) (knowingly failing to disclose what he is required to reveal); and 9-102(A) (commingling client funds with personal funds) and (B)(4) (failing to return client funds). The board further concluded that respondent violated Gov.Bar R. VI by failing to register to practice law for the current biennium. The board recommended that respondent be permanently disbarred from the practice of law in Ohio and that costs be taxed to respondent. We concur with the board's conclusions and recommendation.

{¶3} Respondent is no stranger to the disciplinary process. In 1990, we suspended respondent from the practice of law in Ohio for one year for neglecting an entrusted legal matter. *Columbus Bar Assn. v. Connors* (1990), 50 Ohio St.3d 113, 552 N.E.2d 643. We stayed the suspension on the condition that respondent comply with a two-year period of monitored probation. In November 1994, we revoked respondent's probation and immediately imposed the one-year suspension. *Columbus Bar Assn. v. Connors* (1994), 71 Ohio St.3d 1410, 641 N.E.2d 1108. In January 1996, we reinstated respondent to the practice of law. *Columbus Bar Assn. v. Connors* (1996), 74 Ohio St.3d 1511, 659 N.E.2d 1288.

{¶4} In July 1997, we suspended respondent from the practice of law because he had not satisfied all of the conditions of his previous suspension. *Columbus Bar Assn. v. Connors* (1997), 79 Ohio St.3d 1432, 680 N.E.2d 1008. Respondent was reinstated in September 1997. *Columbus Bar Assn. v. Connors* (1997), 80 Ohio St.3d 1404, 684 N.E.2d 699.

{¶5} While respondent's license was suspended, he continued practicing law, failed to inform his clients of his suspension, misrepresented his status as an attorney to court and prison authorities, accepted fees from new clients, and

2

neglected legal matters entrusted to him. See *Columbus Bar Assn. v. Connors* (2000), 89 Ohio St.3d 370, 731 N.E.2d 1127. Due to this misconduct, we indefinitely suspended respondent from the practice of law in Ohio in July 2000. Id.

{¶6} The disciplinary violations in this case involve the following facts. In July 1998, clients paid respondent an initial retainer of $250 to represent them in a matter before the Ohio Board of Tax Appeals ("BTA") in which they sought a reduction of their property valuation. Respondent failed to respond to his clients' requests for information about the case and failed to keep them updated on their case. In January 1999, respondent did not appear at a BTA hearing. The BTA upheld the decision of the county board of revision denying the requested decrease in property valuation. In February 2000, his clients learned that respondent had not appeared at the January 1999 hearing and that they had lost their appeal, and they requested an explanation from respondent. Respondent did not reply or refund their retainer.

{¶7} In 1999, a client hired respondent to represent him on a contingency-fee basis in a previously filed personal-injury case against Kentucky Fried Chicken. In April 1999, respondent filed a notice of appearance that erroneously specified that he was the attorney for Kentucky Fried Chicken. Respondent subsequently failed to respond to a defense motion for summary judgment, failed to appear for a status conference, and failed to notify his client to appear at a deposition. Respondent later withdrew as counsel and failed to respond to successor counsel's and his client's requests to return the file. The client sued respondent for malpractice and received a default judgment of $15,000.

{¶8} In August 1999, a client retained respondent to obtain her husband's release from prison and paid $1,000 to respondent. Respondent thereafter failed to respond to most of his client's requests for information and failed to advise her about anything that respondent had done on the case. After the client confronted

respondent about his July 2000 indefinite suspension, respondent advised her that he could complete his representation within a week. When three weeks passed, the client requested that respondent refund her money and return her husband's file. Respondent did not refund the money or return the file.

{¶9} In August 1999, other clients paid respondent $1,000 to obtain the release of their brother from prison. Respondent did nothing on the case and failed to refund their money or return their file even after he had been suspended from the practice of law in Ohio.

{¶10} In 2000, respondent withdrew funds from his lawyer's trust account by using blank counter checks provided at Firstar Bank. The teller typed in the incorrect account number on the checks, resulting in the withdrawal of money from a different account. After the error was discovered, the bank refunded the money to the improperly charged account and attempted to charge the checks to respondent's trust account, but could not do so because of insufficient funds in respondent's account. The bank ultimately debited respondent's account to cover the checks, leaving his trust account with a negative balance of $1,530.81. The bank repeatedly contacted respondent about his overdrawn account and respondent acknowledged that he owed this amount. Although he promised to repay the bank, he failed to do so.

{¶11} On May 9, 2000, respondent tried to cash his Social Security check in the amount of $5,209.70. Because his bank balance was below a certain minimum, bank policy permitted him to receive only $300 in cash. The remainder of the check would clear on the next business day. Respondent took the $300 and deposited the remainder in his lawyer's trust account at the bank. Respondent then cashed a check for $5,000 from his trust account on May 10, 2000.

{¶12} On January 15, 2002, relator, Office of Disciplinary Counsel, filed an amended complaint charging respondent with violating various Disciplinary Rules and Rules for the Government of the Bar. Respondent filed an answer, and

the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court, which held a hearing. At the hearing, respondent admitted that he owed $1,000 to each set of clients who had retained him to obtain the release of their relatives from prison. He also stipulated to his violation of Gov.Bar R. VI for failing to register.

{¶13} The panel found the facts as previously specified and concluded that respondent violated the cited Disciplinary Rules and Gov.Bar R. VI. The panel also found that respondent made false statements during the hearing, "when he claimed, under oath, that he could not recall letters of inquiry and his own deposition, even as it relates to matters about which he had testified just minutes earlier."

{¶14} The panel recommended that respondent be disbarred from the practice of law in Ohio. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD"). The panel concluded that disbarment was the appropriate sanction "based on his history of previous discipline for similar violations, his indifference to the damage that his conduct has caused his clients, the judicial system, and the bar, [and] his apparent total inability to appreciate his fiduciary duties relative to his IOLTA account."

{¶15} The board adopted the panel's findings of fact, conclusions of law, and recommended sanction, and further recommended that the costs of the proceeding be taxed to respondent. Respondent filed objections to the board report, but these objections were limited to the personal-injury case against Kentucky Fried Chicken and the bank matter.

{¶16} We overrule respondent's objections and agree with the board's recommended sanction. In determining the appropriate sanction, we consider "the duties violated, the actual injury caused, the lawyer's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases."

*Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶16.

**{¶17}** Respondent violated duties to his clients, DR 2-110(A)(2) and (3), 6-101(A)(3), 7-101(A)(2), 7-102(A)(3), and 9-102(A) and (B)(4), the public, DR 1-102(A)(4), the legal system, DR 1-102(A)(6), and the legal profession, Gov.Bar R. VI. See, e.g., *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 321, 720 N.E.2d 525. Respondent's misconduct harmed some of his clients, and respondent acknowledged that he owes unearned retainers to clients.

**{¶18}** There are also aggravating circumstances present here, including respondent's prior disciplinary offenses, selfish motive, pattern of misconduct, multiple offenses, submission of false statements during the disciplinary process, refusal to acknowledge the wrongful nature of his conduct, resulting harm to victims of his misconduct, and failure to make restitution. See BCGD Reg. 10(B)(1)(a), (b), (c), (d), (f), (g), (h), and (i).

**{¶19}** "As we have consistently held, the normal sanction for misappropriation of client funds coupled with neglect of client matters is disbarment." *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 384, 726 N.E.2d 993; see, also, *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15 (presumptive sanction for misappropriation of client funds is disbarment). Although "we have also recognized that a lesser penalty may be in order where sufficient mitigating factors exist and the board recommends it," no significant mitigating factors exist here, and the board did not recommend a lesser penalty. Cf. *Cleveland Bar Assn. v. Harris*, 96 Ohio St.3d 138, 2002-Ohio-2988, 772 N.E.2d 621, ¶ 6. Like the respondent in *Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, at ¶ 27, misappropriation was but one form of respondent's misconduct here, and the compelling interest of protecting the public requires disbarment.

**{¶20}** Based on the foregoing, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Kevin L. Williams, Assistant Disciplinary Counsel, for relator.

John J. Connors Jr., pro se.

_____