[Cite as *Cuyahoga Cty. Bar Assn. v. Rutherford*, 112 Ohio St.3d 159, 2006-Ohio-6526.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. RUTHERFORD.

[Cite as *Cuyahoga Cty. Bar Assn. v. Rutherford*, 112 Ohio St.3d 159, 2006-Ohio-6526.]

*Attorneys — Misconduct — Neglect of entrusted legal matter — Failure to carry out contract of employment — Failure to deliver all property to which client is entitled — Failure to maintain separate identifiable bank accounts for client funds — Six-month suspension, stayed on conditions.*

(No. 2006-1590 — Submitted October 17, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 05-094.

_____

**Per Curiam**.

{¶ 1} Respondent, Guy D. Rutherford of Cleveland, Ohio, Attorney Registration No. 0066032, was admitted to the practice of law in Ohio in 1996.

{¶ 2} On March 13, 2006, relator, Cuyahoga County Bar Association, charged respondent in an amended complaint with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause, including the parties' comprehensive stipulations, and made findings of fact, conclusions of law, and a recommendation. The board adopted the panel's findings of fact and recommendation.

Misconduct

*The Essex Case*

{¶ 3} The first count of the complaint charged that respondent had failed to file a bankruptcy petition on behalf of Edith Essex. Essex retained respondent on May 4, 2004, to represent her in a Chapter 13 bankruptcy proceeding and paid

him $498 in legal and filing fees. Respondent cashed the check for these funds, failing to deposit the unearned portion into his client trust account as required.

{¶ 4} Respondent did not immediately file Essex's bankruptcy, and on February 22, 2005, she discharged him for his delay and asked for a refund of her fees. Sometime thereafter, Essex reconsidered and agreed to have respondent handle her bankruptcy after all. Respondent filed the bankruptcy petition but did not include with it necessary schedules and other filings. His failures caused the dismissal of Essex's bankruptcy petition in May 2005.

*The Ortiz Case*

{¶ 5} In another count, the complaint charged that respondent had also failed to file a divorce complaint on behalf of Agueda Ortiz. Ortiz retained respondent on January 20, 2004, and paid him $757 in attorney fees and court costs. After Ortiz paid him, respondent failed to deposit the unearned portion for legal fees into his client trust account as required.

{¶ 6} Respondent later told his client that he had filed a divorce action for her when, in fact, he had not. On September 3, 2004, respondent finally did file the divorce complaint, but then he did nothing more in Ortiz's case.

*The Mills Case*

{¶ 7} A third count in the complaint charged that respondent had acted improperly in representing Veronica Mills, another bankruptcy client. Respondent filed Mills's bankruptcy petition on October 16, 2005, but again failed to file the necessary schedules with the petition. Respondent thereafter failed to appear and show cause why his client should not be held in contempt. The bankruptcy court later dismissed the Mills case because of respondent's failures to comply with the filing requirements.

{¶ 8} Having stipulated to these facts, respondent further stipulated that his conduct in the Essex and Ortiz cases had violated DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), 7-101(A)(2) (a lawyer shall not

2

intentionally fail to carry out a contract of employment entered into with a client for professional services), 9-102(A)(2) (a lawyer shall deposit in one or more identifiable bank accounts all unearned funds paid to a lawyer or law firm, other than advances for costs and expenses), and 9-102(B)(4) (a lawyer shall promptly pay or deliver to a client all funds in the lawyer's possession to which the client is entitled). As to the Mills count, respondent stipulated to the charges that he had violated DR 6-101(A)(3) and 7-10l(A)(2).

### Recommended Sanction

{¶ 9} In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors in his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 10} Weighing in favor of a lenient sanction, the parties agreed and the board found that respondent had no prior disciplinary record and had made full restitution to Ortiz and Essex. BCGD Proc.Reg. 10(B)(2)(a) and (c). (Mills decided not to pursue her bankruptcy, and relator did not assert that she was owed a refund.) Respondent had also cooperated in the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(d). The board further found respondent's diagnosed mental disability to be mitigating under BCGD Proc.Reg. 10(B)(2)(g). The evidence showed that since 2003, respondent had suffered from major depression, a condition that contributed to his misconduct, and that he is now managing his disability though treatment with his psychiatrist and counseling through his minister.

{¶ 11} As aggravating factors favoring severity, the board noted that respondent's clients, while they had been repaid, had nevertheless not received their promised legal services in a timely way. But while those clients had no

doubt been inconvenienced, the board further found no evidence that respondent's misconduct had had any devastating effects.

{¶ 12} The parties proposed and the panel recommended that respondent's license to practice be suspended for six months and that the suspension be stayed on the conditions that respondent remain in treatment for his mental disability, including entering a recovery contract with the Ohio Lawyers' Assistance Program ("OLAP"), and that he cooperate with procedures to monitor his practice and assure compliance with ethical and professional standards. The board adopted the recommendation for a six-month suspension, stayed on the suggested conditions.

Review

{¶ 13} In determining the appropriate sanction for professional misconduct, we consider the duties violated, the actual or potential injury caused, the lawyer's mental state, the existence of aggravating or mitigating circumstances, and the sanctions imposed in similar cases. *Disciplinary Counsel v. Connors,* 97 Ohio St.3d 479, 2002-Ohio-6722, 780 N.E.2d 567, ¶ 16; *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 14} Respondent violated his duties to carefully attend to his clients' cases, perform work as promised, and properly account to clients for his earnings and expenses. We thus agree that he violated DR 6-101(A)(3), 7-10l(A)(2), 9-l02(A)(2), and 9-102(B)(4). We further agree that the recommended six-month, conditionally stayed suspension is an appropriate sanction based on the strength of mitigation evidence and precedent.

{¶ 15} We reached a similar result in *Toledo Bar Assn. v. DiLabbio,* 101 Ohio St.3d 147, 2004-Ohio-338, 803 N.E.2d 389, where a lawyer failed to provide one client with promised legal services in a child-support dispute and failed to pursue personal-injury actions for three other clients as agreed. As to the

first client, the lawyer delayed in filing a motion to modify child support for so long that the client reconsidered the need for it, yet the lawyer did not return an unused $150 filing fee. The second client's case was lost to a statute of limitations, and because of a lapse in his malpractice insurance, the lawyer made restitution by personally paying $10,000 in settlement to the client. The third and fourth clients sued the lawyer for his neglect of their claims and obtained $25,000 and $35,000 malpractice judgments against him.

{¶ 16} Despite the seriousness of this misconduct, we accept the board's recommendation to impose a six-month suspension and to stay the suspension on conditions of monitoring and medical treatment. We note, as did the board, that the lawyer was committed to making restitution despite his own financial distress and that he was working to overcome a depressive disorder from which he suffered at the time of his misconduct. The lawyer also has no prior disciplinary record and ultimately cooperated with the disciplinary process.

{¶ 17} We acknowledge respondent's candor, his commitment to recovery, his complete restitution, and on review, his appreciation for the gravity of his situation. We thus accept the board's recommended sanction.

{¶ 18} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the conditions that he serve a six-month probation pursuant to Gov.Bar R. V(9), during which he shall remain in treatment for his mental disability, including entering a recovery contract with OLAP, and cooperate with procedures to monitor his practice and assure compliance with ethical and professional standards. If respondent fails to comply with the conditions of the stay, the stay shall be lifted, and respondent shall serve the full six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

MOYER, C.J., and O'CONNOR, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 19} I respectfully dissent from the sanction imposed on the respondent by the majority. The respondent stipulated to conduct that involved repeated instances of the neglect of legal matters and dishonest behavior. I am not unmindful of respondent's mitigation evidence. However, "we have consistently held lawyers to a high standard of honesty and trust and have suspended lawyers who have failed to adhere to that standard." *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, ¶ 20 (Moyer, C.J., dissenting).

{¶ 20} While the mitigating factors in this case support permitting the suspension to be stayed on the conditions articulated in the majority opinion, the respondent's multiple counts of misconduct warrant a longer suspension. In my view, the court should impose a one-year suspension, stayed on the conditions that respondent serve a one-year probation, during which he shall remain in treatment for his mental disability, including entering a recovery contract with the Ohio Lawyers' Assistance Program, and cooperate with procedures to monitor his practice and assure compliance with ethical and professional standards.

O'CONNOR, J., concurs in the foregoing opinion.

_____

Steven M. Ott, Fred C. Crosby, and Ellen S. Mandell, Bar Counsel, for relator.

William H. Smith & Associates, L.P.A., and William H. Smith, for respondent.

_____