DISCIPLINARY COUNSEL *v*. SHULER.

[Cite as *Disciplinary Counsel v. Shuler,* **129 Ohio St.3d 509, 2011-Ohio-4198.**]

*Attorneys—Misconduct—Multiple violations of Rules of Professional Conduct, including failing to keep client informed about the status of a legal matter or to cooperate in a disciplinary investigation—Conduct adversely reflecting on fitness to practice law—Six-month suspension stayed on conditions.*

(No. 2011-0307—Submitted April 6, 2011—Decided August 30, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-077.

_____

**Per Curiam.**

{¶ 1} Respondent, Gordon Pearce Shuler, Attorney Registration No. 0019315, was admitted to the practice of law in Ohio in 1973. In November 2010, relator, Disciplinary Counsel, filed a two-count amended complaint charging respondent with misconduct and violations of the Rules of Professional Conduct.

{¶ 2} The parties filed agreed stipulations and exhibits. Respondent also filed a psychological evaluation and additional character letters that were received after the stipulations had been submitted. Following a hearing, a panel of the Board of Commissioners on Grievances and Discipline determined that there was clear and convincing evidence that respondent had committed violations of the Rules of Professional Conduct and recommended that he receive a six-month suspension from the practice of law, with the entire suspension stayed, on the condition that he complete a contract with the Ohio Lawyers Assistance Program

("OLAP"). The board agreed with the panel's findings, conclusions, and recommended sanction.

{¶ 3} We adopt the board's findings of fact and misconduct, and we agree with the recommended sanction. We therefore suspend respondent's license to practice law in Ohio for six months, with the entire suspension stayed on the condition that he successfully complete his three-year OLAP contract.

**Misconduct**

*Count One*

{¶ 4} The parties stipulated that in April 2008, Dr. Fredric Gohl retained respondent to represent him with regard to five real estate transactions in which Gohl believed he had been defrauded. Gohl paid a $10,000 retainer that respondent deposited into his client trust account. Respondent completed some investigative work and spoke with Gohl several times. In September 2008, respondent sent Gohl a billing statement charging him $2,910 for services rendered, and respondent withdrew that amount from his client trust account. Respondent withdrew another $3,000 from his client trust account in November 2008, but he did not send his client another billing statement.

{¶ 5} The parties further stipulated that respondent ceased communicating with Gohl after February 27, 2009. Gohl sent respondent two letters, in September and October 2009, requesting a status report or the return of the balance of his retainer. Respondent did not respond.

{¶ 6} The parties also stipulated that respondent did not respond to the letter of inquiry from relator regarding a grievance it had received from Gohl. He initially failed to appear for a deposition after he was issued a subpoena by relator. Relator then served respondent with a notice of intent to file a disciplinary complaint, and respondent sent a written response in which he acknowledged that he had received relator's letters but had not opened them. Respondent also admitted that he had ignored Gohl during his representation. He

2

provided relator with a check for $7,090 from his client trust account as a refund of the balance of Gohl's retainer; relator forwarded the check to Gohl. Respondent also informed relator that he had suffered from and had been in treatment for clinical depression.

{¶ 7} Based on these facts, the parties stipulated, and the panel and board found, that respondent violated Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4(A)(2), (3), and (4) (a lawyer shall reasonably consult with a client concerning the client's objectives, shall keep the client reasonably informed about the status of the matter, and shall comply as soon as practicable with reasonable requests for information from the client); 1.15(d) (a lawyer shall promptly deliver to a client property that the client is entitled to receive); 8.1 (a lawyer shall not knowingly fail to respond in a disciplinary investigation); and 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

*Count Two*

{¶ 8} The parties stipulated that beginning in April 2009, respondent represented Brett Ayer regarding a claim arising out of defective materials and workmanship related to the painting and restoration of a classic car. No fees were agreed upon or paid. After some initial communications and activity, respondent stopped communicating with Ayer. In September 2009, respondent apologized in an e-mail to Ayer for neglecting the file, and he asked Ayer several questions about the claim.

{¶ 9} In November 2009, the Columbus Bar Association sent respondent a letter of inquiry regarding a grievance that it had received from Ayer. Respondent did not reply to the letter. Respondent did not respond to several telephone calls, letters, and e-mails from an attorney assigned to investigate the grievance on behalf of the bar. Respondent eventually called the attorney on

March 18, 2010. He admitted that he had neglected the matter and had not responded to the inquiries from the bar association. He explained that he had been in treatment for clinical depression for ten years.

{¶ 10} Based on these facts, the parties stipulated, and the panel and board found, that respondent violated Prof.Cond.R. 1.3; 1.4(A)(2), (3), and (4); 8.1; and 8.4(h).

### Sanction

{¶ 11} In considering a sanction for respondent's misconduct, the panel considered the parties' stipulations that respondent had no prior disciplinary record and no dishonest or selfish motive, which are mitigating factors listed in Section 10(B)(2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel also considered the character-reference letters and the testimony of character witnesses stating that respondent is a highly regarded attorney in the community and that the two matters that gave rise to this complaint were an aberration in an otherwise spotless career. The panel further noted that the parties stipulated that respondent had been diagnosed with depression that contributed to the misconduct, that he had been undergoing treatment, and that in January 2011, he had entered into a three-year OLAP contract to monitor his continued progress. The parties stipulated, and the panel found, that there were no aggravating factors.

{¶ 12} Respondent argued, and relator agreed, that the appropriate sanction is a six-month suspension from the practice of law, with the entire suspension stayed on the condition that he successfully complete his three-year contract with OLAP. The panel agreed, and the board adopted the panel's recommendation. We agree.

{¶ 13} A six-month suspension stayed on the condition of compliance with an OLAP contract is an appropriate sanction for a lawyer who has neglected

client matters. *Cuyahoga Cty. Bar Assn. v. Rutherford*, 112 Ohio St.3d 159, 2006-Ohio-6526, 858 N.E.2d 417 (six-month suspension of attorney who neglected client matters stayed on conditions including entering a recovery contract with OLAP). See also *Disciplinary Counsel v. Chambers*, 125 Ohio St.3d 414, 2010-Ohio-1809, 928 N.E.2d 1061 (one-year suspension for neglect of legal matters and failure to respond to disciplinary investigation stayed on conditions including that the attorney complete an OLAP contract).

{¶ 14} Accordingly, we suspend respondent's license to practice law in Ohio for six months, with the entire suspension stayed on the conditions that he successfully complete his three-year OLAP contract and that he commit no further misconduct. If respondent fails to comply with the conditions of the stay, the stay shall be lifted, and respondent will serve the full six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter and Geoffrey Stern, for respondent.

_____