[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Denslow,* Slip Opinion No. 2017-Ohio-1429.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1429

DISCIPLINARY COUNSEL *v.* DENSLOW.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Denslow,* Slip Opinion No. 2017-Ohio-1429.]**

(No. 2016-1487—Submitted February 8, 2017—Decided April 20, 2017.)

*Attorneys—Misconduct—Failing to act with reasonable diligence in representing a client—Conditionally stayed six-month suspension.*

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-014.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Jeremiah Justin Denslow, of Waynesville, Ohio, Attorney Registration No. 0074784, was admitted to the practice of law in Ohio in 2002. In April 2016, relator, disciplinary counsel, charged him with professional misconduct for neglecting a single client matter.

**{¶ 2}** The Board of Professional Conduct considered the case on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In the agreement, Denslow admitted that despite receiving $5,000 for appellate representation in a child-custody matter, he failed to file his client's notice of appeal, which deprived her of the ability to exercise her appellate rights. Denslow's former law firm later refunded his client's money, and Denslow acknowledged that his "lack of action was a serious error." The parties stipulated that he violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client).

**{¶ 3}** The parties also stipulated that in mitigation, Denslow has no prior discipline, lacked a dishonest or selfish motive, and cooperated in the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). In addition, the parties recognized that after committing the misconduct, he entered into a four-year contract with the Ohio Lawyers Assistance Program ("OLAP") for drug- and alcohol-related issues and took a temporary leave from the practice of law to focus on his recovery. The parties submitted a letter from Denslow's counselor, a chemical-dependency therapist, who diagnosed him with substance-use disorders, determined that his substance abuse had affected his professional duties, described his successful and ongoing treatment, and concluded that he is able to return to the competent, ethical professional practice of law as long as he continues participating in Alcoholics Anonymous ("AA"). *See* Gov.Bar R. V(13)(C)(7). The parties agreed to the existence of one aggravating factor—that Denslow's misconduct harmed his client. *See* Gov.Bar R. V(13)(B)(8). As a sanction, they jointly recommended that Denslow serve a six-month suspension, stayed in its entirety on conditions, including his continued compliance with his OLAP contract and his counselor's treatment recommendations.

**{¶ 4}** The board found that the consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16), and it recommends that we adopt the agreement. To support the recommended sanction, the board cited two cases:

*Dayton Bar Assn. v. Hooks*, 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212, and *Disciplinary Counsel v. Shuler*, 129 Ohio St.3d 509, 2011-Ohio-4198, 954 N.E.2d 593. In *Hooks*, an attorney neglected a single client's custody matter, and in *Shuler*, an attorney neglected matters regarding two clients and failed to cooperate in the ensuing disciplinary investigations. Only one aggravating factor was present in *Hooks*—that the attorney had committed multiple offenses—and none was present in *Shuler*. In mitigation, neither attorney had prior discipline, nor did they act with a dishonest or selfish motive. In both cases, we suspended the attorneys for six months but stayed the suspensions on OLAP-related and other conditions. *Hooks* at ¶ 18; *Shuler* at ¶ 14.

{¶ 5} Upon our review of the record, we agree that Denslow violated Prof.Cond.R. 1.3 and that *Hooks* and *Shuler* are applicable precedents. We note, however, that we suspended Denslow's license for about three weeks in 2015 because he failed to timely register as an attorney for the 2015-2017 biennium. *See In re Attorney Registration Suspension of Denslow*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277, and *In re Reinstatement of Denslow*, 144 Ohio St.3d 1432, 2015-Ohio-5363, 42 N.E.3d 766. Although a brief attorney-registration suspension may not weigh heavily against an attorney, "[a]n attorney's suspension for failure to comply with attorney-registration requirements is prior discipline and therefore is an aggravating factor." *Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 11; *see* Gov.Bar R. V(13)(B)(1). We therefore disagree with the parties' stipulation that Denslow has no prior discipline for purposes of Gov.Bar R. V(13)(C)(1). Nonetheless, because "[a] six-month suspension stayed on the condition of compliance with an OLAP contract is an appropriate sanction for a lawyer who has neglected client matters," *Shuler* at ¶ 13, we agree with the parties' and the board's recommended sanction in this case. Accordingly, we accept the balance of the parties' consent-to-discipline agreement.

{¶ 6} Jeremiah Justin Denslow is hereby suspended from the practice of law for six months, all stayed on the conditions that he (1) remain in compliance with his four-year OLAP contract entered into on August 5, 2015, (2) follow the treatment recommendations of his counselor regarding his participation in AA, and (3) engage in no further misconduct. If Denslow fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the entire six-month suspension. Costs are taxed to Denslow.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DeWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Jeremiah Justin Denslow, pro se.

_____