**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Rutherford,* **Slip Opinion No. 2018-Ohio-2680.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2680

DISCIPLINARY COUNSEL *v*. RUTHERFORD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Rutherford,* Slip Opinion No. 2018-Ohio-2680.]**

*Attorneys—Misconduct—Multiple violations of the Rules of Professional Conduct, including neglecting client matters, failing to refund unearned legal fees, engaging in dishonest conduct, and failing to cooperate in disciplinary investigations—Permanent disbarment.*

(No. 2017-0010—Submitted January 24, 2018—Decided July 11, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-051.

_____

**Per Curiam.**

{¶ 1} Respondent, Guy Darius Rutherford, whose last known address was in Cleveland, Ohio, Attorney Registration No. 0066032, was admitted to the practice of law in Ohio in 1996.

**Summary of Prior Discipline**

**{¶ 2}** We suspended Rutherford in four different matters starting in 1998 and ending in 2009. Rutherford was suspended in 1998 for nonpayment of child support, *see In re Rutherford*, 81 Ohio St.3d 1254, 691 N.E.2d 1049 (1998), and was reinstated two months later. He was briefly suspended for failing to timely register as an attorney in 2005 and 2007, *see In re Attorney Registration Suspension of Rutherford*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; *In re Attorney Registration Suspension of Rutherford*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305. In 2006, we imposed a stayed six-month suspension for Rutherford's neglect of three clients' matters, failure to deposit unearned fees into his client trust account, and failure to promptly deliver funds that his clients were entitled to receive, but we later revoked the stay based on his contempt of our prior order. *See Cuyahoga Cty. Bar Assn. v. Rutherford*, 112 Ohio St.3d 159, 2006-Ohio-6526, 858 N.E.2d 417; *Cuyahoga Cty. Bar Assn. v. Rutherford*, 118 Ohio St.3d 1512, 2008-Ohio-3441, 889 N.E.2d 1028. He was reinstated in May 2009.

**{¶ 3}** On March 11, 2016, we suspended Rutherford's license on an interim basis after he failed to answer a December 11, 2015 disciplinary complaint filed by relator, disciplinary counsel, which alleged that he had abandoned multiple clients, failed to refund (or failed to timely refund) their retainers, failed to cooperate in multiple disciplinary investigations, and engaged in additional misconduct. *Disciplinary Counsel v. Rutherford*, 145 Ohio St.3d 1247, 2016-Ohio-944, 49 N.E.3d 309. On October 31, 2016, we converted that interim suspension into an indefinite suspension pursuant to Gov.Bar R. V(14)(E)(1), and that suspension remains in effect. *Disciplinary Counsel v. Rutherford*, 147 Ohio St.3d 1245, 2016-Ohio-7532, 65 N.E.3d 764.

**Pending Disciplinary Complaint**

**{¶ 4}** On November 4, 2016, relator filed a new complaint with the Board of Professional Conduct alleging that Rutherford had engaged in additional

misconduct, including the neglect of four separate client matters, and had then failed to cooperate in the ensuing disciplinary investigation. Based on Rutherford's failure to file an answer to that complaint, we imposed another interim default suspension on February 1, 2017. *Disciplinary Counsel v. Rutherford*, 149 Ohio St.3d 1261, 2017-Ohio-365, 75 N.E.3d 1271.

{¶ 5} On September 7, 2017, we granted relator's motion to remand this proceeding to the board to seek Rutherford's permanent disbarment. Thereafter, relator submitted a motion for default disbarment supported by sworn or certified exhibits, including the affidavits of four clients, assistant disciplinary counsel, and relator's investigator and administrative personnel. *See* Gov.Bar R. V(14)(F).

{¶ 6} The motion for default was referred to a master appointed by the board for disposition pursuant to Gov.Bar R. V(14)(F)(2)(a). The master recommended that Rutherford be permanently disbarred based on findings that included that he neglected client matters, failed to refund unearned retainers, and failed to cooperate in the ensuing disciplinary investigation. The board adopted the master's findings of fact and conclusions of law and agreed that Rutherford should be permanently disbarred. For the reasons that follow, we adopt the board's report and permanently disbar Rutherford from the practice of law in Ohio.

**Misconduct**

*Counts I through III: The Sherrod, Hernandez, and Cedeno Matters*

{¶ 7} Between October 2013 and November 2015, Penny Sherrod, Martha Hernandez, and Reinaldo Cedeno separately retained Rutherford to file complaints for divorce. Each of them paid him a retainer of $600 to $800 for attorney fees and costs. Rutherford did not perform any of the contracted work—although he falsely advised Sherrod that he had filed a complaint for divorce on her behalf. He also had little or no communication with these clients after collecting their fees. Sherrod, Hernandez, and Cedeno each requested a refund of their legal fees, but

Rutherford complied only with Cedeno's request—nearly one year after it was made.

**{¶ 8}** The board found and we agree that by engaging in the described conduct, Rutherford committed three violations each of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment) and a single violation of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

*Count IV: The Vega Matter*

**{¶ 9}** In June 2015, Rinaldo Vega hired Rutherford to represent Vega's son in pending criminal and immigration matters. Vega had advanced Rutherford $4,500 in attorney fees by October 15, 2015, and Rutherford informed him that he had filed an application to inspect sealed records in the criminal case. After numerous failed attempts to communicate with Rutherford, Vega retained another attorney to represent his son in the immigration case only. Rutherford met with the immigration attorney to discuss the case and promised to forward the files in his possession. Although Rutherford responded to the immigration attorney's e-mailed inquiry about the status of the files and did forward some documents, he never provided most of the files.

**{¶ 10}** After Vega's son was found guilty of several offenses in his criminal case, Rutherford filed a motion for leave to file a delayed appeal. The court of appeals granted the motion and sent a copy of its order to Rutherford's address of record, directing him to file a notice of appeal and a completed docketing statement on or before February 16, 2016, but the mailing was returned by the postal service marked "attempted-not known" and "unable to forward." Rutherford took no

further action on behalf of Vega's son, and the appeal was dismissed for failure to prosecute. Vega filed a grievance with relator and requested a refund, but Rutherford has not refunded any portion of Vega's $4,500 retainer.

{¶ 11} The board found that Rutherford's conduct in Vega's son's cases violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.16(e), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We adopt these findings of fact and misconduct.

*Count V: Failure to Cooperate*

{¶ 12} Beginning in February 2016, relator sent multiple letters of inquiry and a notice of intent to file a complaint to the addresses that Rutherford had registered with the Office of Attorney Services. Many, but not all, of those letters were returned marked "attempted-not known," "unable to forward," "addressee unknown," or "not deliverable as addressed." Relator also sent those documents to the e-mail address Rutherford had registered with the Office of Attorney Services, and relator received responses from relator's e-mail server that the deliveries had been completed. But Rutherford failed to contact relator and never provided any written response to relator's letters or e-mails. He also failed to provide relator or the Office of Attorney Services with a valid residential or office address.

{¶ 13} In March 2016, relator's investigator attempted several times to personally serve Rutherford at his residential and office addresses. The investigator learned that Rutherford had been evicted from his residence and that the building-management company had no forwarding address. He also learned that although Rutherford had not been seen at his office in months, the building receptionist had continued to place mail in his office. The investigator left letters of inquiry regarding the Sherrod and Hernandez matters on Rutherford's desk, which had stacks of unopened mail on it.

**{¶ 14}** After attempted service of relator's complaint on Rutherford failed, that document and subsequent orders of this court were served on the clerk of this court in conformity with Gov.Bar R. V(27)(B).

**{¶ 15}** The board found that Rutherford violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(9)(G) (requiring a lawyer to cooperate in a disciplinary investigation). Relator's complaint also charged that Rutherford's failure to provide his current residential and office addresses to the Office of Attorney Services violated Gov.Bar R. VI(4)(B) (requiring each attorney admitted to the practice of law in Ohio to provide the Office of Attorney Services with the attorney's current residential address, office address, office telephone number, and office or personal e-mail address), and the board found that Rutherford failed to comply with those requirements. We adopt the board's findings of fact and misconduct with respect to this count.

### Sanction

**{¶ 16}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 17}** As aggravating factors, the board found that Rutherford acted with a selfish motive, engaged in a pattern of misconduct, committed multiple offenses, took advantage of vulnerable clients, and failed to make restitution. *See* Gov.Bar R. V(13)(B)(2), (3), (4), (8), and (9). We also note that he has a history of prior discipline, including sanctions for the same type of misconduct that we sanction him for today. *See* Gov.Bar R. V(13)(B)(1). No mitigating factors are present. *See* Gov.Bar R. V(13)(C).

**{¶ 18}** In recommending that we permanently disbar Rutherford, the board cited multiple cases in which we held that the presumptive sanction for attorneys

who accept retainers and fail to carry out contracts of employment is disbarment because the conduct is " 'tantamount to theft of the fee from the client.' " *E.g.*, *Disciplinary Counsel v. Henry*, 127 Ohio St.3d 398, 2010-Ohio-6206, 939 N.E.2d 1255, ¶ 33, quoting *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16.

{¶ 19} Having independently reviewed the record, we agree that relator has submitted clear and convincing evidence that Rutherford collected retainers from several clients, failed to perform the contracted legal services for those clients, and, in most cases, failed to return any portion of their retainers. Furthermore, relator has established that Rutherford lied about the status of a client's case, prejudiced the administration of justice when another client's delayed criminal appeal was dismissed as a result of his inaction, and failed to cooperate in multiple disciplinary investigations. Given the nature of Rutherford's misconduct, the extensive aggravating factors present (including his prior discipline for similar acts), the complete absence of mitigating factors, and the sanctions we have imposed for comparable misconduct, we agree that permanent disbarment is warranted.

{¶ 20} Accordingly, Guy Darius Rutherford is permanently disbarred from the practice of law in Ohio. Costs are taxed to Rutherford.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

————————————

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

————————————