COLUMBUS BAR ASSOCIATION *v.* GINTHER.

**[Cite as *Columbus Bar Assn. v. Ginther,*
98 Ohio St.3d 345, 2003-Ohio-1010.]**

(No. 2002–1780—Submitted January 8, 2003—Decided March 19, 2003.)

**Per Curiam.**

{¶ 1} On February 5, 2001, relator, Columbus Bar Association, filed a complaint charging respondent, Jeffrey David Ginther of Columbus, Ohio, Attorney Registration No. 0022665, with violations of the Code of Professional Responsibility. The parties waived a hearing, and a panel of the Board of Commissioners on Grievances and Discipline considered the matter on the parties' agreed stipulations and recommended sanction. The panel made the following findings.

{¶ 2} In July 1998, a client retained respondent to help him obtain a professional counselor license from the Ohio Counselor and Social Worker Board ("OCSWB"). In December of that year, OCSWB heard the client's application for the license on respondent's request, but the hearing officer recommended that the application be denied. Respondent objected to this recommendation in writing, reserving the right to object in greater detail when the hearing transcript became available. However, respondent did not acquire a copy of the transcript or file additional objections, and OCSWB adopted the hearing officer's recommendation to deny the client's license.

{¶ 3} In April 1999, the client wrote to respondent with questions concerning procedure and the feasibility of an appeal. The client explicitly advised respondent that he did not want to spend more in fees or costs if respondent considered an appeal to be futile. In May 1999, respondent appealed OCSWB's decision to a common pleas court but subsequently missed a filing deadline for his brief. Although OCSWB had stipulated to a two-week extension for respondent to file his brief, respondent failed to file the stipulation. OCSWB moved for summary judgment. Respondent did not file a response to the motion after he told his client that he would.

{¶ 4} In January 2000, the court granted OCSWB's motion and affirmed the OCSWB's denial of the client's license. Respondent filed a motion for relief from the judgment based on a variety of factors, including his own health problems. The motion for relief was denied in August 2000.

{¶ 5} Respondent's client paid him a total of $2,130, and in February and March 2000, the client sent respondent letters discharging him and requesting a complete refund. Respondent did not formally withdraw as his client's counsel until after the court overruled his motion for relief from judgment, despite his having been discharged months before. Moreover, respondent failed to keep his

client informed of the status of his case and failed to promptly respond to the client's requests for information. Later, while this disciplinary proceeding was pending, respondent agreed to refund $800 to the client, claiming that he had earned the remaining $1,330.

{¶ 6} The parties stipulated and the panel found that respondent had violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on the attorney's fitness to practice law), 2–110(B)(4) (failure to withdraw from employment when discharged), 6–101(A)(2) and (3) (lack of adequate preparation and neglect of an entrusted legal matter), and 7–101(A)(1), (2), and (3) (failure to seek client's lawful objectives, failure to carry out a contract of employment for professional services, and intentionally prejudicing or damaging a client's interests). In recommending a sanction for this misconduct, the panel considered the aggravating circumstances, also stipulated by the parties, that respondent had repeatedly failed to timely attend to his client's interests, that he had harmed his client's interests, and that he had not promptly returned unearned fees. The panel also considered the stipulated mitigating circumstances that respondent had no prior disciplinary record, had accounted for and returned the unearned portion of his client's money, had cooperated in the disciplinary proceedings, and had presented testimonials as to his integrity and professional competence. The panel also found of particular mitigating significance the fact that respondent had been receiving treatment since January 2001 for his problems with alcohol and depression, both of which had contributed to his misconduct.

{¶ 7} The panel accepted the sanction to which the parties also stipulated—a six-month suspension, with the entire six months stayed, on conditions. Specifically, the panel recommended that the stay be conditioned on the following: (a) that respondent comply with the rigorous terms of his contract with the Ohio Lawyers Assistance Program until September 3, 2004,[1] (b) that respondent refrain from further acts of misconduct, and (c) that respondent pay any costs assessed against him. The board adopted the panel's findings of misconduct and recommended sanction.

{¶ 8} On review, we agree that respondent violated DR 1–102(A)(6), 2–110(B)(4), 6–101(A)(2) and (3), and 7–101(A)(1), (2), and (3). We also agree that a six-month suspension, stayed on conditions, is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, but this sanction is stayed as long as respondent complies with the conditions recommended by the board. If respondent fails to meet these conditions, the stay shall

---

1. The stipulations were executed on September 3, 2002, and the parties agreed upon respondent's compliance for two years from that date.

be lifted and respondent shall serve six months of actual suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Jerry Silverstain; Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

Charles J. Kettlewell and Charles W. Kettlewell, for respondent.