TOLEDO BAR ASSOCIATION *v.* DiLABBIO.

[Cite as *Toledo Bar Assn. v. DiLabbio,*
101 Ohio St.3d 147, 2004-Ohio-338.]

(No. 2003–1195—Submitted August 26, 2003—Decided February 11, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Larry DiLabbio of Toledo, Ohio, Attorney Registration No. 0021890, was admitted to the practice of law in Ohio in 1984. On December 9, 2002, relator, Toledo Bar Association, charged respondent with various violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and made findings of fact, conclusions of law, and a recommendation.

{¶ 2} As to the first count of misconduct, a client retained respondent in 1998 to seek modification of a child-support agreement. Respondent advised the client that he would charge $100 per hour for his services, that he expected to spend "a minimum of three and a half to four plus hours" on the case, and that the filing fee would be $150. Respondent and the client did not commit their agreement to writing; however, the client advanced $500 toward respondent's attorney fees and paid the anticipated $150 filing fee. Respondent deposited these payments in his office operating account instead of a client trust account.

{¶ 3} Respondent spent one hour in conference with the client, one hour reviewing the documented events that had already occurred in the case, and one-half hour preparing the motion to modify child support. Respondent completed the motion but did not file it because the client's ex-husband was incarcerated at the time and his client agreed to delay the filing until the ex-husband's release. Respondent nevertheless continued during 1999 to work on the case by communicating on numerous occasions with the client and her ex-husband.

{¶ 4} In 2000, the client's husband was released from prison. The client telephoned repeatedly to ask respondent to file the motion to modify, but she had little success. In the meantime, the client's ex-husband left the state, and the client decided that respondent's services were no longer needed. Although respondent never filed the motion to modify, he did not refund any of the client's money upon request, believing that he had earned all $650.

{¶ 5} The panel found that respondent had violated DR 6–101(A)(3) (neglecting an entrusted legal matter) because he did not return his client's telephone calls or file the motion to modify expeditiously in accordance with her wishes. In addition, the panel found that although respondent earned all but the $150 unused filing fee, he had violated 9–102(B)(4) (failing to promptly return funds client is entitled to receive) by not repaying the $150 to the client. The panel also noted that it had no authority to consider respondent's apparent violation of DR 9–102(A) (failing to deposit client's funds in an identifiable bank account) because relator did not charge this in the complaint.

{¶ 6} As to the second count of misconduct, the panel found that although respondent participated fully in the hearing, he had violated Gov.Bar R. V(4)(G) because, as stipulated by the parties, he did not initially respond to relator's efforts to investigate the grievance submitted by his client.

{¶ 7} As to a third count of misconduct, a client retained respondent to represent her in a personal-injury claim stemming from a 1996 auto accident. Respondent did not file a complaint in the action, and the cause was lost to the statute of limitations. Respondent, whose malpractice insurance had lapsed, settled the client's claim for malpractice for $10,000 and paid it out of his personal funds.

{¶ 8} Similarly, as to a fourth count of misconduct, two clients retained respondent to represent them in claims arising from another 1996 auto accident. While assisting these clients in other matters, respondent forgot about their personal-injury claims and failed to timely file a complaint on their behalf. The clients sued respondent for malpractice, obtaining judgments against him for $35,000 and $25,000. Respondent also did not have malpractice insurance to cover these judgments, and both remain unsatisfied.

{¶ 9} The panel found that respondent violated DR 6–101(A)(3) in connection with the third and fourth counts of the complaint.

{¶ 10} In recommending a sanction for this misconduct, the panel reviewed the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Reg. Section 10"). The panel found that respondent had engaged in a pattern of misconduct but that he did so while nearly consumed with defending a juvenile client against an

aggravated murder charge containing death-penalty specifications. As mitigating features, the panel found that respondent has no prior record of disciplinary sanctions, did not act out of self-interest, and had already made restitution in one case despite his own financial distress. Respondent also ultimately cooperated with the disciplinary process, was forthcoming during the proceedings, and submitted letters from a Lucas County Common Pleas Court judge and area attorneys demonstrating that he was considered a respected and competent member of his local bar. The panel additionally found that while respondent's medical condition did not rise to the level of a mental disability as described in BCGD Reg. Section 10, he had been treated for a depressive disorder intermittently during the events at issue, sought treatment for his condition, and worked to overcome it.

{¶ 11} Relator declined to suggest a sanction for respondent's misconduct; respondent proposed a public reprimand. The panel recommended that respondent be suspended from the practice of law for six months, with the entire period to be stayed on the following conditions: (1) that respondent engage in no further misconduct during the six-month period; (2) that he continue to treat his depression; (3) that he cooperate with an attorney appointed by relator to monitor respondent's probationary compliance, including conscientious client representation and notice as required by DR 1–104 (disclosure to client of attorney's having low or no malpractice insurance coverage); and (4) that in addition to standard continuing-legal-educational requirements ("CLE"), respondent take ten CLE hours in practice management. The board adopted the panel's findings of misconduct and recommendation.

{¶ 12} We agree that respondent violated DR 6–101(A)(3) and 9–102(B)(4) and Gov.Bar R. V(4)(G) as found by the board. We also agree that a six-month suspension, stayed on conditions, is a commensurate sanction, considering the mitigating factors, including one not mentioned by the panel and board—that respondent regretted and accepted responsibility for his misconduct. See *Columbus Bar Assn. v. Ginther*, 98 Ohio St.3d 345, 2003-Ohio-1010, 785 N.E.2d 432, in which we conditionally stayed the six-month suspension of an attorney who did not file objections and a brief, to a client's detriment, and did not withdraw upon discharge, but who also supplied mitigating evidence of his depression and alcohol problems, lack of a prior disciplinary record, cooperation in the disciplinary process, character references, and attempts to account to his client.

{¶ 13} Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, but this sanction is stayed on the conditions (1) that respondent engage in no further misconduct during the six-month period; (2) that he continue to receive treatment for his depression; (3) that he cooperate with an attorney appointed by relator to monitor respondent's probationary

compliance, including conscientious client representation and notice as required by DR 1–104; and (4) that in addition to standard CLE requirements, respondent take ten CLE hours in practice management. If respondent fails to meet these conditions, the stay of his suspension shall be lifted and respondent shall serve six months of actual suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Joseph Dawson and Paul Giha, for relator.

James Caruso, for respondent.