CINCINNATI BAR ASSOCIATION *v.* BUCCIERE.

[Cite as *Cincinnati Bar Assn. v. Bucciere*,

121 Ohio St.3d 274, 2009-Ohio-1156.]

*Attorneys — Misconduct — Practicing law while registered as an attorney on inactive status — Public reprimand.*

(No. 2008-2426 — Submitted January 14, 2009 — Decided March 19, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-044.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Robert Louis Kent Bucciere of Cincinnati, Ohio, Attorney Registration No. 0067776, was admitted to the practice of law in Ohio in 1997. The Board of Commissioners on Grievances and Discipline has recommended that we publicly reprimand respondent for violating Gov.Bar R. VI(2)(A) (prohibiting a lawyer from practicing law while registered as an attorney on inactive status) and Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in violation of the regulations for practicing law in that jurisdiction). We agree that respondent violated these ethical standards and that a public reprimand is appropriate.

**{¶ 2}** Relator, Cincinnati Bar Association, charged respondent with professional misconduct in a single-count complaint. A panel appointed by the board considered the case upon the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel accepted the agreement, found

respondent in violation of the cited rules, and recommended the public reprimand. The board adopted the panel's findings of misconduct and recommendation.

## Misconduct

{¶ 3} Respondent admitted and we find that he violated Gov.Bar R. VI(2)(A) and Prof.Cond.R. 5.5(a) by representing clients in one case while he was not registered to practice law on active status.

{¶ 4} On December 29, 2005, respondent changed his attorney-registration status from active to inactive for the remainder of the 2005-2007 biennium. From January 2007 through December 2007, however, respondent represented two clients in an appeal and, after obtaining a reversal and remand in their favor, in proceedings before a common pleas court. Throughout this time, respondent mistakenly believed that his assistant had arranged to register him for active status.

{¶ 5} While representing the clients in common pleas court, respondent attended a deposition and also agreed to participate in mediation to resolve the dispute. Prior to the mediation proceedings, which were scheduled for mid-December 2007, however, opposing counsel moved for respondent's removal, citing his inactive registration status. Respondent registered for active status with this court's Attorney Registration Section on December 4, 2007, and has conceded his responsibility for failing to do so before that date, yet practicing law.

## Sanction

{¶ 6} In recommending a sanction for this misconduct, the panel and board weighed the aggravating and mitigating factors of respondent's case. See BCGD Proc.Reg. 10(B). According to the consent-to-discipline agreement, no aggravating factors are present. Mitigating factors include that respondent has no prior disciplinary record and no dishonest or selfish motive was involved, that he has made a timely good-faith effort to rectify the consequences of his misconduct,

and that he has cooperated in the disciplinary proceedings. See BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d).

{¶ 7} The parties have stipulated to a public reprimand, and the panel and board have recommended that respondent be publicly reprimanded for his misconduct. We accept this recommendation. Respondent is hereby reprimanded for his violations of Gov.Bar R. VI(2) and Prof.Cond.R. 5.5(a).

{¶ 8} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Crowley, Ahlers & Roth Co., L.P.A., and James C. Crowley IV, for relator.

Christensen, Christensen, Donchatz, Kettlewell & Owens, L.L.P., and Charles J. Kettlewell, for respondent.

_____