DISCIPLINARY COUNSEL *v.* MOTYLINSKI.

[Cite as *Disciplinary Counsel v. Motylinski,* **134 Ohio St.3d 562,**

**2012-Ohio-5779.**]

*Attorneys—Misconduct—Failure to reasonably communicate with client—*
*Practicing law while registered as inactive—Six-month suspension, stayed*
*on condition.*

(No. 2011-1016—Submitted June 20, 2012—Decided December 7, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-021.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Michael Motylinski of St. Thomas, Virgin Islands, Attorney Registration No. 0076628, was admitted to the practice of law in Ohio in 2003.[1] On February 14, 2011, relator, disciplinary counsel, charged Motylinski with professional misconduct for failing to reasonably communicate with a client and for continuing to practice law after he changed the status of his license to practice law to inactive.

**{¶ 2}** In accordance with BCGD Proc.Reg. 11, the parties submitted a consent-to-discipline agreement containing stipulations of fact and misconduct and a recommendation that Motylinski be suspended from the practice of law for a period of six months, with the entire suspension stayed. On the recommendation of a panel of its members, the Board of Commissioners on Grievances and Discipline recommended that we adopt the consent-to-discipline agreement. We rejected the parties' recommended sanction, however, and

_____

1. Motylinski testified that he had become licensed to practice law in California in 2009 and had provisional admittance to practice in the Virgin Islands.

remanded the matter to the board for further proceedings. *Disciplinary Counsel v. Motylinski,* 129 Ohio St.3d 1458, 2011-Ohio-4228, 951 N.E.2d 1052.

{¶ 3} On remand, the parties submitted their stipulated findings of fact, misconduct, and mitigation, and agreed to a six-month stayed suspension. A panel of the board agreed to accept the parties' stipulations in lieu of a hearing and adopted the parties' stipulated sanction of a six-month stayed suspension, but recommended that the stay of the suspension be conditioned on Motylinski reimbursing the client for a filing fee. The board adopted the panel's proposed sanction, and so do we.

**Misconduct**

{¶ 4} The stipulated facts and testimony demonstrate that in April 2009 the New York law firm of Bond, Schoeneck & King, P.L.L.C., referred its client, Roth Industries, to Motylinski to handle a collection matter on a contingent-fee basis. The law firm forwarded to Motylinski a check in the amount of $125 for court costs, and on May 5, 2009, Motylinski filed a complaint in the Cuyahoga County Court of Common Pleas on behalf of Roth.

{¶ 5} In July 2009, Motylinski received an offer of employment in the Virgin Islands that he accepted. He subsequently moved out of the country on August 15, 2009, and changed the status of his license to practice law in Ohio to inactive on September 1, 2009. From August to September 2009, Motylinski did not respond to Bond, Schoeneck & King's numerous phone calls and e-mails regarding the status of Roth's case. It was not until Bond, Schoeneck & King demanded that Motylinski return Roth's file that Motylinski responded to any of the law firm's messages. At that time, Motylinski revealed that he was working in the Virgin Islands but did not disclose the status of his registration to practice law in Ohio.

{¶ 6} In November and December 2009, Motylinski continued to work on Roth's case, including transmitting a settlement offer and participating in a

2

telephone pretrial conference with the court.  Eventually, the court discovered that Motylinski was registered as inactive and, on December 21, 2009, dismissed Roth's case without prejudice because Motylinski was prohibited from practicing law.  Motylinski did not advise Roth or Bond, Schoeneck & King that the case had been dismissed.  Instead, Motylinski continued to attempt to negotiate a settlement for Roth until February 2010, when Bond, Schoeneck & King discovered Motylinski's inactive status and terminated his services.

**{¶ 7}**  Based upon the stipulated facts summarized above, the parties agreed that Motylinski's conduct violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), and 5.5(b)(2) (prohibiting a lawyer who is not admitted to practice in this jurisdiction to hold out to the public or otherwise represent that the lawyer is admitted to practice in this jurisdiction).

**{¶ 8}**  The panel found that Motylinski violated Prof.Cond.R. 1.4(a)(4), 1.4(b), and 5.5(b)(2), but concluded that there were not sufficient facts to find a violation of Prof.Cond.R. 5.5(a) and recommended that the charge be dismissed. While the board agreed that Motylinski had violated Prof.Cond.R. 1.4(a)(4) and 1.4(b), it disagreed with the panel in two respects.  First, it found that Motylinski had violated Prof.Cond.R. 5.5(a) by engaging in the practice of law while on inactive status.  Second, it recommended dismissal of the charge of violating Prof.Cond.R. 5.5(b)(2), which prohibits a lawyer from holding out that he or she is admitted to the practice of law in this jurisdiction, because Motylinski was admitted to the practice of law in Ohio even though he was on inactive status.  We

agree with the findings of the board. Accordingly, the charge of violating Prof.Cond.R. 5.5(b)(2) is dismissed.

**Sanction**

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 10}** The parties stipulated that mitigating factors include the absence of a prior disciplinary record, absence of a dishonest or selfish motive, and full and free disclosure and a cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). The parties did not stipulate to any aggravating factors. The panel and board found, however, that the evidence demonstrated that Motylinski did have a selfish and dishonest motive. The record reveals that Motylinski did not disclose his inactive status and continued to work on Roth's collection case after becoming inactive because he wanted to collect a percentage of any settlement. We agree that Motylinski's intentions were dishonest and decline to consider BCGD Proc.Reg. 10(B)(2)(b) as a mitigating factor.

**{¶ 11}** The parties stipulated that that a six-month stayed suspension is the appropriate sanction for Motylinski's misconduct. The panel and board agree with the recommended sanction but also recommend that we condition the stay of Motylinski's suspension on requiring Motylinski to reimburse Roth for the money that was given him to pay the court costs in Roth's collection case. We agree and conclude that the sanction recommended by the board is appropriate.

**{¶ 12}** Accordingly, we suspend Michael Motylinski from the practice of law for a period of six months, with the entire suspension stayed on the condition that he pay Roth Industries $125 within 30 days of the date of this order. Costs are taxed to Motylinski.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Michael Motylinski, pro se.

_____