CINCINNATI BAR ASSOCIATION *v*. GILBERT.

[Cite as *Cincinnati Bar Assn. v. Gilbert*, 138 Ohio St.3d 218, 2014-Ohio-522.]

*Attorney misconduct, including practicing law while registered as an attorney on inactive status and neglecting client matters—One-year suspension, stayed on conditions.*

(No. 2013-0575—Submitted June 5, 2013—Decided February 20, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-044.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Jason Robert Gilbert of Fort Thomas, Kentucky, Attorney Registration No. 0074044, was admitted to the practice of law in Ohio in 2001.

**{¶ 2}** Relator, Cincinnati Bar Association, charged Gilbert with professional misconduct for practicing law in Ohio while registered on inactive status and for neglecting three client matters. Gilbert stipulated to the charged misconduct, and the parties jointly recommended that he serve a one-year suspension. After a hearing, a three-member panel of the Board of Commissioners on Grievances and Discipline determined that Gilbert had committed most of the charged misconduct and recommended that he serve a one-year suspension, stayed on conditions. The board adopted the panel's findings and recommended sanction, and neither party has filed objections to the board's report.

**{¶ 3}** We adopt the board's findings of fact and misconduct and suspend Gilbert for one year, with the suspension stayed in its entirety on conditions.

**Misconduct**

{¶ 4}   Following graduation from law school in 2001, Gilbert took and passed the Ohio bar exam but became employed as a Kentucky public defender.[1] In 2002, Gilbert was admitted to the Kentucky bar, and in 2005, he registered for inactive status in Ohio because he worked exclusively in Kentucky state courts. After ten years as a public defender, Gilbert became dissatisfied with the work and resigned.

{¶ 5}   In the autumn of 2011, Gilbert was contacted by the administrative assistant to Michelle Wenker, a Cincinnati attorney who was in a nursing home after suffering a stroke.  Wenker's assistant indicated that she needed clerical help in Wenker's office.  Although Gilbert started out assisting only with Wenker's administrative matters, he eventually "drifted" into doing some legal work for her clients.  However, Gilbert's only legal experience was ten years of public-sector criminal-defense work, and he has since acknowledged that he was "grossly unprepared" for general private practice.

{¶ 6}   In December 2011, Gilbert left Wenker's office and became a tax advisor.  He reactivated his Ohio license in February 2012, and at the time of the panel hearing, he was employed by a company in South Carolina reviewing documents for discovery.

{¶ 7}   During the few months that Gilbert worked in Wenker's office, he committed professional misconduct in four matters.  First, Gilbert filed an answer and counterclaim on Wenker's behalf in an Ohio civil proceeding against her, even though he had not yet reactivated his Ohio license.  The parties stipulated and the board found that Gilbert violated Prof.Cond.R. 5.5(a) (prohibiting a

---

1. Gilbert explained at the panel hearing that Kentucky allows attorneys to practice as public defenders if they are licensed in another state and take and pass the Kentucky bar exam within 18 months.

lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction). We agree with this conclusion.

{¶ 8} Second, Gilbert met with a former client of Wenker's to discuss whether the client was entitled to money as a beneficiary of a life-insurance policy, and he agreed to represent the client. But Gilbert then failed to resolve the client's question or return his phone calls. The parties stipulated and the board found that Gilbert violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), and 5.5(a). We agree with the conclusion.

{¶ 9} The third and fourth client matters are similar. In each case, Gilbert met with former clients of Wenker's about divorce-related issues and collected a retainer to conduct further work, but he did not deposit the clients' money into a client trust account. Although Gilbert did some work on each case, he failed to communicate with the clients, and they eventually terminated his services. Based on this conduct, the parties stipulated and the board found that Gilbert engaged in two violations of Prof.Cond.R. 1.15 (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and two more violations each of Prof.Cond.R. 1.1, 1.3, and 5.5(a). We agree that the violations occurred.

{¶ 10} Relator also alleged that Gilbert violated Prof.Cond.R. 1.5 for charging an excessive fee in one of the divorce-related matters, but the board found that the evidence did not support a finding of a violation of this rule. We agree and hereby dismiss that charge.

### Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injury caused, the existence of any aggravating and mitigating factors listed in BCGD

Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. We have already identified Gilbert's ethical violations. Consideration of the remaining factors demonstrates that a one-year suspension, stayed in its entirety on conditions, is reasonable and appropriate in this case.

### 1. Aggravating and mitigating factors

{¶ 12} The board found, and we agree, that only one aggravating factor is present—Gilbert committed multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(d). In contrast, the mitigating factors are the absence of a disciplinary record in Ohio or Kentucky, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and full restitution to the two clients from whom Gilbert accepted retainers. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). Gilbert also expressed significant remorse for his conduct, and he submitted two character letters, including one from a Kentucky trial court judge who stated that she had presided over cases involving Gilbert for five years and found his character to be "beyond reproach." Finally, the board noted that it was unable to find evidence of a dishonest or selfish motive in Gilbert's misconduct.

### 2. Applicable precedent

{¶ 13} As the board noted, we have not had many cases involving an attorney who practiced law while registered on inactive status—and even fewer involving an attorney on inactive status who practiced incompetently or neglected client matters. In *Cincinnati Bar Assn. v. Bucciere*, 121 Ohio St.3d 274, 2009-Ohio-1156, 903 N.E.2d 640, an attorney mistakenly believed that his assistant had arranged to register him for active status. He appeared in trial and appellate court proceedings, attended a deposition, and agreed to participate in mediation to resolve a dispute, all while his attorney-registration status was inactive. That attorney had no prior discipline, lacked a dishonest or selfish motive, and

cooperated in the disciplinary proceedings, and we accordingly issued a public reprimand. *Id.* at ¶ 4-6.

{¶ 14} In *Disciplinary Counsel v. Motylinski*, 134 Ohio St.3d 562, 2012-Ohio-5779, 983 N.E.2d 1314, an attorney moved to the Virgin Islands and changed the status of his license to inactive. However, he continued to work on an Ohio case, including participating in a telephone pretrial conference with the court and transmitting a settlement offer. *Id.* at ¶ 5-6. The attorney in *Motylinski* also neglected the client matter, which resulted in other disciplinary-rule violations. *Id.* at ¶ 7-8. In mitigation, he lacked a prior disciplinary record and fully cooperated in the investigation, but he also acted with a dishonest motive by hiding his inactive status in order to collect his fee. On that record, we sanctioned the attorney with a stayed six-month suspension. *Id.* at ¶ 10-12.

{¶ 15} Here, Gilbert engaged in the practice of law in four client matters while on inactive status, and he has admitted that he was not adequately prepared to handle three of those matters, which resulted in their neglect. Accordingly, a harsher sanction than in *Motylinski* is warranted. But given the facts and mitigating factors, we agree with the board that Gilbert's sanction should not be much more severe than the sanction in *Motylinski*.

{¶ 16} As the board concluded, the amount of legal work that Gilbert actually performed while on inactive status was minimal, involving only the filing of a standard pleading, holding office conferences with clients, and drafting domestic-relations documents that Gilbert never gave to the client or filed in court. Gilbert did not appear in court, attend any depositions, or make any significant legal decisions.

{¶ 17} In addition, there is no evidence indicating that Gilbert's clients were significantly harmed by his misconduct. As the cases cited in the board's report demonstrate, we have imposed relatively short, stayed suspensions on lawyers who, like Gilbert, neglected multiple client matters but demonstrated the

existence of significant mitigating factors that overwhelmingly outweighed the few, if any, aggravating factors. *See, e.g.*, *Toledo Bar Assn. v. DiLabbio*, 101 Ohio St.3d 147, 2004-Ohio-338, 803 N.E.2d 389 (stayed six-month suspension for a lawyer who neglected three client matters, but whose case had only one aggravating factor and several mitigating factors, including the absence of prior discipline, absence of a selfish motive, restitution, and remorse); *Cuyahoga Cty. Bar Assn. v. Rutherford*, 112 Ohio St.3d 159, 2006-Ohio-6526, 858 N.E.2d 417 (stayed six-month suspension for a lawyer who neglected three client matters and failed to deposit unearned client funds in a trust account, but who had no prior discipline, made full restitution, cooperated in the disciplinary investigation, and had a mental disability that contributed to his misconduct).

## Conclusion

{¶ 18} Having reviewed the record and the aggravating and mitigating factors, and having considered the sanctions previously imposed in comparable unauthorized-practice and client-neglect cases, we find that the board's recommended sanction is appropriate. Accordingly, Gilbert is hereby suspended from the practice of law for one year, but the suspension is stayed on the conditions that (1) he commit no further misconduct, (2) he pay the costs of these proceedings before expiration of the one-year suspension, and (3) he notify relator or the bar association in the venue where he practices and have that organization provide a monitor to oversee his law practice in accordance with Gov.Bar R. V(9), if he decides to practice law in Ohio during the stayed suspension. If Gilbert fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the entire one-year suspension. Costs are taxed to Gilbert.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Christopher R. Heekin and Edwin W. Patterson III, for relator.

Jason Robert Gilbert, pro se.

_____