**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Bryant*, **Slip Opinion No. 2025-Ohio-1879.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1879

COLUMBUS BAR ASSOCIATION *v*. BRYANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Bryant*, Slip Opinion No. 2025-Ohio-1879.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct by practicing law in a jurisdiction in violation of regulation of legal profession in that jurisdiction—Public reprimand.*

(No. 2024-1728—Submitted February 11, 2025—Decided May 29, 2025.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2024-011.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, and SHANAHAN, JJ.  BRUNNER and HAWKINS, JJ., did not participate.

**Per Curiam.**

{¶ 1} Respondent, Kristin Jocele Bryant, of Reynoldsburg, Ohio, Attorney Registration No. 0080197, was admitted to the practice of law in Ohio in 2006.

{¶ 2} From late January through March 2023, Bryant experienced a severe mental-health crisis that resulted in a series of hospitalizations. On March 16, 2023, we suspended Bryant's license on an interim basis under Gov.Bar R. V(19). *Columbus Bar Assn. v. Bryant*, 2023-Ohio-851. That interim remedial suspension is still in effect.

{¶ 3} In a five-count complaint filed in March 2024, relator, Columbus Bar Association, alleged that Bryant violated 15 professional-conduct rules during and shortly after her involuntary hospitalization. Among other things, relator alleged that Bryant neglected client matters, failed to attend scheduled court appearances on behalf of clients and failed to withdraw from representing them or take reasonable steps to protect their interests, disclosed confidential client information to two nonattorneys whom she did not employ, sought the improper notarization of a legal document, practiced law in violation of the regulation of the legal profession during her interim suspension, and engaged in misleading communication by maintaining a Facebook page for her law office during her suspension.

{¶ 4} The parties entered into stipulations of fact regarding Bryant's misconduct and diagnoses and treatment. They also submitted stipulated aggravating and mitigating factors and nearly 60 exhibits. Bryant and four other witnesses testified at a hearing before a three-member panel of the Board of Professional Conduct.

{¶ 5} Following the hearing, the panel issued a report in which it unanimously dismissed all but two of the charged violations upon finding that relator had failed to support its allegations by clear and convincing evidence. *See* Gov.Bar R. V(12)(G). The panel found by clear and convincing evidence that

Bryant engaged in the practice of law during her interim suspension, but the panel failed to address another alleged violation that was not dismissed.

{¶ 6} The panel recommended that Bryant be publicly reprimanded for her misconduct, that we terminate the interim remedial suspension we imposed on Bryant's license to practice law and that for at least six months following her reinstatement to the practice of law, she be required to remain in compliance with the two-year contract she entered into with the Ohio Lawyers Assistance Program ("OLAP") in April 2023, along with all medical and psychiatric-treatment recommendations. The board adopted the findings of fact, conclusions of law, and recommendations of the panel.

{¶ 7} After reviewing the board's report, the record, and our relevant precedent, we adopt the board's finding of misconduct and its recommended sanction. We dismiss the alleged violation of Prof.Cond.R. 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Rules of Professional Conduct) set forth in Count Three of relator's complaint. We also terminate Bryant's interim remedial suspension and will immediately permit Bryant to apply for reinstatement to the practice of law.

### FINDINGS OF FACT AND MISCONDUCT

{¶ 8} From January 29 through March 30, 2023, Bryant was hospitalized in a series of hospitals nearly continuously and—with the exception of two to three days—involuntarily.

{¶ 9} According to Bryant's discharge papers, she was diagnosed with bipolar disorder, which was described on at least one occasion as "severe manic bipolar disorder with psychotic behavior." Bryant was also diagnosed with "[p]sychosis" of "unspecified" type and "major depressive disorder, recurrent."

{¶ 10} Bryant received notice of this court's interim-suspension order following her release from the hospital on March 30. A few days later, on April 4 and 5, Bryant called Twin Valley Behavioral Healthcare Hospital and left voicemail

messages stating that she was the attorney for A.S., who at that time was a patient at the hospital.  Bryant had previously represented A.S. and, at the time she made the phone calls, believed that she was still counsel of record in his case.

{¶ 11} The board found by clear and convincing evidence that Bryant made those two calls representing herself as an attorney at a time when she knew that she was under suspension and that her conduct violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).  We adopt this finding of misconduct.

## SANCTION

{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 13} In this case, the board found that relator had failed to prove by clear and convincing evidence the existence of any aggravating factors.  Mitigating factors stipulated by the parties and found by the board consist of the absence of prior discipline, the absence of a dishonest or selfish motive, Bryant's cooperative attitude toward the disciplinary investigation and proceeding, the imposition of other penalties and sanctions, and evidence of other interim rehabilitation.  *See* Gov.Bar R. V(13)(C)(1), (2), (4), (6), and (8).

{¶ 14} The board acknowledged that Bryant "was involuntarily incommunicado" for approximately 60 days with no access to a working cellphone, her laptop computer, her client files, or her clients' contact information.  Bryant and others made some efforts to reach out to the judges before whom Bryant was scheduled to appear, to let them know that she was hospitalized, but it is not clear from the record whether those efforts were successful.  Other attorneys were

appointed to or volunteered to assume the representation of Bryant's clients, and there did not appear to be any lasting harm to her clients.

{¶ 15} In mid-April 2023, Bryant entered into a two-year OLAP contract that required her to begin individual counseling, continue treatment with a psychiatrist, comply with all treatment recommendations, and check in with OLAP weekly. Bryant was in full compliance with that contract as of August 16, 2024. And during her disciplinary hearing, she testified that she had extended the contract through December 31, 2026.

{¶ 16} Bryant argued that the complaint against her should be dismissed because her alleged rule violations occurred during (or shortly after) she was involuntarily hospitalized and while she was improperly medicated and sleep deprived.

{¶ 17} Relator argued that Bryant should be suspended from the practice of law for one year, with the suspension fully stayed on conditions, but that recommendation was predicated on relator's belief that Bryant had committed all of the charged misconduct.

{¶ 18} The board and this court have found, however, that Bryant committed a single, isolated rule violation. Moreover, the board noted that "[n]one of the cases cited by Relator involve situations where an attorney was confined, unable to think and function normally, excessively medicated, and unable to communicate with her clients."

{¶ 19} Relying on *Cincinnati Bar Assn. v. Bucciere*, 2009-Ohio-1156, the board recommends that we publicly reprimand Bryant for her misconduct. In *Bucciere*, we publicly reprimanded an attorney who violated Prof.Cond.R. 5.5(a) by representing two clients in court while his attorney-registration status was inactive. Bucciere represented the clients before two separate courts, mistakenly believing that his assistant had arranged to register him for active status. Bucciere's misconduct is arguably more egregious than that of Bryant, who left two voicemail

messages in which, identifying herself as the attorney for a former client, she sought information about his condition, asked to schedule a visit, and indicated that she needed to schedule a hearing. However, a public reprimand is the least severe sanction that we impose for attorney misconduct, *see* Gov.Bar R. V(12)(I), and that sanction is appropriate here.

{¶ 20} The parties' stipulated exhibits include medical records relevant to Bryant's 2023 hospitalizations that offer insight into her various health conditions. Additionally, the parties have submitted reports from Bryant's psychiatrist, her primary-care physician, her current and former counselors, and the clinical director of OLAP (who is also a licensed independent social worker), which demonstrate that Bryant is capable of returning to the competent, ethical, and professional practice of law. The board therefore recommends that Bryant be reinstated upon appropriate application and that following her reinstatement, she be required to remain in compliance with her OLAP contract—including all recommended medical and psychiatric treatment—for at least six months. We adopt the board's recommendations.

## CONCLUSION

{¶ 21} Accordingly, Kristin Jocele Bryant is publicly reprimanded for practicing law in violation of the regulation of the legal profession. The interim remedial suspension we imposed in case No. 2023-0296 on March 16, 2023, is hereby terminated, and Bryant shall be permitted to immediately apply for reinstatement to the practice of law under Gov.Bar R. V(24)(A). Following her reinstatement to the profession, Bryant shall be required to comply with the terms of her April 2023 OLAP contract and all medical- and psychiatric-treatment recommendations for a period of no less than six months and up to the full term of the contract and any extensions thereto. Costs are taxed to Bryant.

Judgment accordingly.

————————————

Kent R. Markus, Bar Counsel, and Holly N. Wolf, Deputy Bar Counsel; Isaac, Wiles & Burkholder, L.L.C., and Joanne S. Beasy; and the Nigh Law Group, L.L.C., and Joseph A. Nigh, for relator.

Kristin Jocele Bryant, pro se.

————————————